# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TAB QUENTIN EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-1389 SPM |
| | ) | |
| BLANTON CONSTRUCTION CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis and submission of a civil complaint. The motion is granted. Additionally, the Court will require plaintiff to file an amended complaint that clearly sets forth his claims and this Court's jurisdiction over those claims.

## **Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

**The Complaint**

Plaintiff brings this action against Blanton Construction Co., the St. Louis Carpenters Joint Apprenticeship Program ("Apprenticeship Program"), the International United Brotherhood of Carpenters, and the United States Department of Labor. Plaintiff alleges that the Apprenticeship Program discriminated against him because of his religion and because Union members thought he was homosexual. He says he was not given the same opportunities as other Union members to complete his training, claiming that it took fourteen years to complete the last two years of his apprenticeship. He complained to the Department of Labor, but the Agency did not provide him with any relief. He says he lost his pension and that he has not worked since July 2016.

**Discussion**

The complaint has several deficiencies. Rule 8(a) of the Federal Rules of Civil Procedure requires both that a plaintiff plainly state "the grounds for the court's jurisdiction" and "the claim showing that the pleader is entitled to relief." Plaintiff has done neither.

Plaintiff does not state under which statutory scheme he is attempting to sue the Union. The National Labor Relations Act, 29 U.S.C. §§ 151-169, permits employees to sue for "unfair labor practices" under specific circumstances specified under the statutes. However, plaintiff has not articulated which, or any, of the unfair labor practices set forth in the statutes he is bringing this action. Nor has he articulated any other federal law he believes the Union violated.

There are no allegations in the complaint concerning Blanton Construction Co. As a result, plaintiff has failed to state a claim against this defendant.

2

A suit against the Department of Labor is a suit against the United States. "To sue the United States, [a plaintiff] must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *V S Ltd. P'ship v. Dep't of Hous. and Urban Dev.*, 235 F.3d 1109, 112 (8th Cir. 2000). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed" by Congress. *United States v. King*, 395 U.S. 1, 4 (1969). Plaintiff has not shown that the United States waived its sovereign immunity with respect to his claims against the Department of Labor. Consequently, he has failed to show that the Court has jurisdiction over those claims.

For these reasons, the Court will require plaintiff to submit an amended complaint that cures these deficiencies. Plaintiff must state under which statutes he is suing the defendants. And he must set forth facts showing how each defendant violated his rights. Rule 10(b) requires a plaintiff to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff must file his amended complaint within twenty-one days of the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint, in accordance with the Court's instructions, no later than twenty-one (21) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff does not comply with this Order, the Court will dismiss this action without further proceedings.

Dated this 3rd day of August, 2017.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE